UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAKARAI URQUHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-2974 (UNA) |
| ) | |
| KENIA SEOANE LOPEZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff brings action against the District of Columbia and Kenia Seoane Lopez, an Assistant Attorney General who represented the District in neglect proceedings in the Superior Court of the District of Columbia. *See* Compl. ¶¶ 5-8. He alleges that Lopez "knowingly accept[ed] and ma[de] fabricated statements and evidence" to cause placement of his three children in foster care. *Id.* ¶ 9. Plaintiff raises intentional and negligent infliction of emotional distress claims against Lopez in her individual and official capacities (Counts 1-2), and a civil rights claim against the District of Columbia (Count 3) arising from its alleged negligent hiring, training, and supervision of Lopez. Allegedly having suffered lost wages, emotional distress, mental anguish, embarrassment, and humiliation, plaintiff demands damages of $1 million plus punitive damages (Count 4).

The claims plaintiff raises here are not unlike the claims he brought against the District and another Assistant Attorney General, Linsey Nix, in an earlier action. And for the same reasons the Court dismissed the earlier action, *see Urquhart v. Nix*, No. 1:21-CV-1434 (D.D.C. July 12, 2021), dismissal is warranted here as well.

First, Lopez enjoys absolute immunity from civil suit arising from her conduct in initiating or pursuing the neglect case. *See Gray v. Poole*, 243 F.3d 572, 577 (D.C. Cir. 2001).

1

Second, plaintiff's claims against the District are based solely on Lopez's alleged misconduct, and because the claims against Lopez are not viable, the District cannot be held liable under a respondeat superior theory. *See, e.g., Lober v. Moore*, 417 F.2d 714, 718 (D.C. Cir. 1969) ("[I]t is settled that a judgment exonerating a servant or agent from liability bars a subsequent suit on the same cause of action against the master or principal based solely on respondeat superior[.]").

Third, any civil rights claim against the District must be dismissed because plaintiff fails to show that a municipal pattern or practice caused the alleged constitutional violations. *See, e.g.*, *Hawkins v. Lanier*, 605 F. Supp. 2d 291, 295 (D.D.C. 2009) (finding that plaintiff's "constitutional claims against the District of Columbia fail because he does not allege that a municipal policy or custom caused the alleged constitutional violations") (citing *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987)).

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss the complaint and this civil action without prejudice. An Order is issued separately.


DATE: December 10, 2021                    /s/
                                           CHRISTOPHER R. COOPER
                                           United States District Judge